**IT IS ORDERED as set forth below:**

**Date: February 27, 2018**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ROBERT ELWOOD BRIDGES, | ) | CASE NO. 17-67339 - LRC[1] |
| Debtor. | ) | |
| | ) | |
| ROBERT BRIDGES, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 17-05260 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| FAY SERVICING LLC WILMINGTON | ) | |
| TRUST CORPORATION OWNED | ) | |
| SUBSIDIARY OF WILMINGTON | ) | |
| TRUST NATIONAL ASSOCIATION, | ) | |
| Defendant(s). | ) | |

# ORDER

Before the Court is Robert Elwood Bridges' ("Plaintiff") Motion to Strike (Doc. 8).

---

[1] The Bankruptcy Case was dismissed December 6, 2017, for Plaintiff's failure to appear at the Section 341 meeting of Creditors (Bankr. Doc. 21).   11 U.S.C. § 341.

Plaintiff moves to strike portions of Defendants'[2] "answer" to the Complaint, but Defendants did not file an answer. Instead, they filed a motion to dismiss.

"Under the Federal Rules of Civil Procedure, upon service of the complaint, the defendant is required either to file an answer (Rule 12(a)(1)(A)), a motion to dismiss (Rule 12(b)), or a motion for a more definite statement (Rule 12([e]))." *Burgess v. United States*, 874 F.3d 1292, 1304 n.3 (11th Cir. 2017) (Carnes, J., concurring). A defendant may file a motion to dismiss prior to filing an answer to a complaint. *See Alyshah v. Georgia*, 2006 U.S. Dist. LEXIS 66546, *6 (N.D. Ga. 2006) (denying a motion to strike portions of a "Pre-Answer Motion to Dismiss" on procedural grounds).[3]

Plaintiff relies upon Federal Rule 12(f), which provides that: "[t]he court may strike from a ***pleading*** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" Fed. R. Civ. P. 12(f) (emphasis added). Only certain filings constitute a "pleading" under Federal Rule 7:[4]

> (1) a complaint;
> (2) an answer to a complaint;
> (3) an answer to a counterclaim designated as a counterclaim;
> (4) an answer to a crossclaim;
> (5) a third-party complaint;
> (6) an answer to a third-party complaint; and
> (7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a)(1)-(7); *Lowery v. Hoffman*, 188 F.R.D. 651, 653 (M.D. Ala.

---

[2] The Complaint is styled as against "Fay Servicing, LLC Wilmington Trust Corporation Owned Subsidiary of Wilmington Trust National Association." Since it is unclear who Plaintiff intends to be a defendant in the adversary proceeding, Fay Servicing, LLC filed the Motion to Dismiss on behalf of Wilmington Trust Corporation and Wilmington Trust National Association as well. Motion to Dismiss at n. 1.

[3] Federal Rule of Bankruptcy Procedure 7012(a), alters the timelines Federal Rule 12(a) provides, but an answer is still one option and is not necessarily required to be filed prior to a motion. Fed. R. Bankr. P. 7012(a)

[4] Federal Rule of Bankruptcy Procedure 7007 makes Federal Rule 7 applicable in adversary proceedings. Fed. R. Bankr. P. 7007.

2

1999).

The Motion to Dismiss is a motion and not a pleading. Fed. R. Civ. P. 7(a); *Alyshah v. Georgia*, 2006 U.S. Dist. LEXIS 66546 at *6. "Federal Rule 12(f) is not a mechanism that permits the filing of a 'motion to strike another motion.'" *In re Aida's Paradise, LLC*, 485 B.R. 806, 812 (Bankr. M.D. Fla. 2013). "The terms of the rule make clear that only material included in a 'pleading' may be subject of a motion to strike." *Lowery v. Hoffman*, 188 F.R.D. at 653 (citations omitted). "Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." 2-12 Moore's Federal Practice - Civil § 12.37 (2017). Because Defendants' "Pre-Answer Motion to Dismiss is not a 'pleading' within the meaning of Rule 12(f), the Plaintiff's Motion to Strike must be denied." *Alyshah v. Georgia*, 2006 U.S. Dist. LEXIS 66546 at *6-7.

Plaintiff, however, is *pro se*, and as such, his pleadings and motions "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). The Court will therefore consider the Motion to Strike as a response to the Motion to Dismiss. *Alyshah v. Georgia*, 2006 U.S. Dist. LEXIS 66546 at *6-7.

For the reasons stated above, the Motion to Strike is **DENIED**.

**IT IS ORDERED** and **NOTICE IS HEREBY GIVEN** that the Court will treat the Motion to Strike as a response to the Motion to Dismiss when considering the Motion to Dismiss.

3

**IT IS FURTHER ORDERED** that the Court will allow the Defendants 14 days from the date of entry of this Order to file a reply to the response to the Motion to Dismiss.

**END OF DOCUMENT**

# DISTRIBUTION LIST

Robert Bridges
3585 Chestnut Meadows
Douglasville, GA 30135

Bret J. Chaness
Rubin Lublin, LLC
Suite 100
3145 Avalon Ridge Place
Peachtree Corners, GA 30092

Martha A. Miller
Martha A. Miller, P. C.
P. O. Box 5630
Atlanta, GA 31107

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303