**IT IS ORDERED as set forth below:**



**Date: September 7, 2018**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ROBERT ELWOOD BRIDGES, | ) | CASE NO. 17-67339 – LRC |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ROBERT BRIDGES, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 17-05260 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FAY SERVICING LLC WILMINGTON | ) | |
| TRUST CORP. Owned Subsidiary of | ) | |
| Wilmington Trust, N.A. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the *Motion to Dismiss,* filed by Fay Servicing, LLC ("Fay"), Wilmington Trust Corporation ("WTC"), and Wilmington Trust National Association

("WTCNA", and collectively with Fay and WTC, the "Defendants") (Doc. No. 6) (the "Motion").  The Motion seeks dismissal of a complaint (the "Complaint") filed by Robert Bridges ("Plaintiff") against the Defendants.  The requests for relief made in the Complaint center around real property located at 3585 Chesnut Meadows Drive, Douglasville, Georgia 30135 (the "Property").

Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 3, 2017 (the "Petition Date").[1]  *See* Case No. 17-67339-LRC (Bankr. N.D. Ga.), Dkt. No. 1 (the "Bankruptcy Case").  Martha Miller was appointed as the Chapter 7 trustee (the "Trustee").  *Id*.  On December 6, 2017, the Trustee reported Plaintiff's failure to appear at the meeting of creditors, and the Bankruptcy Case was dismissed.  *Id*., Doc. Nos. 20, 21).

On October 19, 2017, Plaintiff filed the Complaint.  Defendants filed the Motion on November 20, 2017, seeking dismissal due to lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  Plaintiff filed a Motion to Strike portions of the Defendants' answer.  On February 2, 2018, the Court denied Plaintiff's Motion to Strike, but noted that the Court would treat the Motion to Strike as a response to the Motion.

The Complaint appears to request the following relief:  (1) compensatory damages

---

[1] The Court takes "judicial notice of the dockets and the content of the documents filed in the case[s] for the purpose of ascertaining the timing and status of events in the case[s] and facts not reasonably in dispute" and may do so without converting this motion to dismiss into a motion for summary judgment.  *In re Ferguson*, 376 B.R. 109, 113 n.4 (Bankr. E.D. Pa. 2007), as amended (Oct. 25, 2007) (citing Fed. R. Evid. 201); *In re Hart*, No. 13-20039-TLM, 2013 WL 693013, at *1 n.2 (Bankr. D. Idaho Feb. 26, 2013) ("Pursuant to Fed.R.Evid. 201, the Court takes judicial notice of its own dockets."); *Thomas v. Alcon Labs*., 116 F. Supp.3d 1361 (N.D. Ga. 2013) (citing *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 807 (11th Cir. 2009)).

of $500,000 for violations of the Truth In Lending Act ("TILA"), the United States Constitution, the automatic stay provided by 11 U.S.C. § 362; the Fair Debt Collections Practices Act ("FDCPA"), Section 306 of the Uniform Commercial Code ("UCC"), 12 U.S.C. §§ 3752(1), 3758 , O.C.G.A. §§44-14-161, 161.1, 161.2, 162, 162.2, and O.C.G.A. § 5-6-35(h); and (2) quiet the title as to the Property.

The Court is required to examine its subject matter jurisdiction at the earliest opportunity. *In re Walker*, 515 F.3d 1204, 1210 (11th Cir. 2008). In doing so, the Court may consider "materials outside of the pleadings to resolve any jurisdictional disputes, but cannot rely on conclusory or hearsay evidence." *In re General Media, Inc.*, 335 B.R. 66, 72 (Bankr. S.D.N.Y. 2005). Plaintiff has the burden of proving the Court's subject matter jurisdiction by a preponderance of the evidence. *See id.* (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)).

Pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), this Court may exercise "jurisdiction in three categories of civil proceedings: those that 'arise under title 11,' those that 'arise in cases under title 11,' and those 'related to cases under title 11.'" *In re Happy Hocker Pawn Shop, Inc.*, 212 F. App'x 811 (11th Cir. 2006). With the exception of the damages requested under § 362, the allegations pled by Plaintiff are not matters that arise under the Bankruptcy Code or matters that arise in cases under the Bankruptcy Code. They are not causes of action created by the Bankruptcy Code and they can exist outside of the bankruptcy context. Further, the Court cannot determine from the Complaint whether Plaintiff would have had standing to prosecute the § 362 claim or any of the other claims, as

3

the Complaint lacks any facts as to when the claims arose.[2]

With the regard to the claims for damages arising from alleged violations of non-bankruptcy law, this Court lacks jurisdiction over Plaintiff's claims unless they are "related to" the Bankruptcy Case.

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984 (3d Cir. 1984)). "'Related to' jurisdiction 'is not so broad as to encompass litigation of claims arising under state law or non bankruptcy Federal law that will not have an effect on the bankruptcy estate, simply because one of the litigants filed a petition in bankruptcy.'" *In re Harlan*, 402 B.R. 703, 711 (Bankr. W.D. Va. 2009) (quoting *Gates v. Didonato (In re Gates)*, 2004 WL 3237345, at *2 (Bankr. E.D. Va. 2004).

Having considered the Complaint and the facts concerning the Bankruptcy Case, the Court concludes that Plaintiff has failed to meet his burden to establish that he has

---

[2] As Defendants note, a Chapter 7 debtor "forfeits his assets to the estate" and "only the Chapter 7 trustee" has standing to pursue litigation. *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017) (en banc). If Plaintiff's claims against Defendants arose prior to the filing of the Bankruptcy Case, the Chapter 7 Trustee was the only party with standing to bring the claims at the time the Complaint was filed. Prior to the filing of the Bankruptcy Case, Plaintiff had several prior cases in which a § 362 claim could have arisen. (*See* Case Nos. 10-69933-MGD, 16-69434-LRC, and 17-60941-LRC). Indeed, it is highly improbable that the § 362 claim arose in the Bankruptcy Case, as, pursuant to § 362(c)(4), no automatic stay arose in the Bankruptcy Case because the Bankruptcy Case was Plaintiff's third case pending and dismissed during the one-year period preceding the filing of the Bankruptcy Case. Accordingly, Plaintiff has not met his burden of demonstrating that he has standing to pursue to the § 362 claim.

standing to bring the claims and that the relief sought in the Complaint is 'related to' the Bankruptcy Case. Prior to its dismissal, the Bankruptcy Case was a liquidation case, rather than a reorganization case. If the claims arose pre-petition, the Trustee would have been the property party to pursue the litigation. See 11 U.S.C. §323(b). If the claims arose post-petition, the claims would not have been property of the estate in the Bankruptcy Case and their resolution would have had no effect on the administration of the estate or the payment of Plaintiff's creditors. *See* 11 U.S.C. § 541(a).

Alternatively, under Rule 12(b)(6), the Court may dismiss a complaint if it fails 'to state a claim upon which relief can be granted.'" *See* FED. R. CIV. P. 12(b)(6) (made applicable to this proceeding by FED. R. BANKR. P. 7012(b)). When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court must accept as true all factual allegations set forth in the complaint and, on the basis of those facts, determine whether the plaintiff is entitled to the relief requested. The Court must also draw all reasonable inferences in the light most favorable to the non-moving party. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007); *Daewoo Motor America, Inc. v. General Motors Corp.*, 459 F.3d 1249, 1271 (11th Cir. 2007); *Hill v. White* 321 F.3d 1334, 1335 (11th Cir. 2003); *Grossman v. Nationsbank, Nat'l Ass'n*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Legal conclusions, labels, and unsupportable assertions, however, are not entitled to a presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Consequently, "conclusory allegations, unwarranted factual deductions or legal

conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In this case, the Complaint states no facts with regard to Defendants. Each paragraph of the Complaint states only legal conclusions and requests for relief. There being no facts alleged in the Complaint, the Court concludes that the Complaint should be dismissed under Rule 7012(b) for failure to state a claim upon which relief may be granted.

Accordingly, it is hereby

**ORDERED** that the Motions are **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Complaint against Defendants is **DISMISSED**.

**END OF DOCUMENT**

## DISTRIBUTION LIST

Robert Bridges
3585 Chestnut Meadows
Douglasville, GA 30135

Bret J. Chaness
Rubin Lublin, LLC
Suite 100
3145 Avalon Ridge Place
Peachtree Corners, GA 30092

Martha A. Miller
Martha A. Miller, P. C.
P. O. Box 5630
Atlanta, GA 31107

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303